# CHAPTER 13 PLAN AND RELATED MOTIONS

**United States Bankruptcy Court**
**Middle District of Tennessee**

IN RE:
WILLIAM LAWRENCE HULSEY
JULIE CHARLOTTE HULSEY

Case No. 05-15673
Chapter 13

SSN: XXX-XX-6259    SSN: XXX-XX-0027

**CHAPTER 13 PLAN AND MOTIONS**    __X__ Original    _____ Amended    Date: November 11, 2005

**YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney. Any party opposing any provision of this plan or any motion below must file a written objection by the date first set for the meeting of creditors or raise such objection orally before the conclusion of the meeting of creditors.

**THIS PLAN MAY REQUEST THAT YOU ACCEPT ITS TERMS.** If you are listed in Paragraph 4 below and you DO NOT ACCEPT the plan provisions listed in 4(a), the provisions of 4(b) will be your treatment under the plan. If you DO NOT ACCEPT the provisions of 4(a), you must file a statement that you DO NOT ACCEPT the plan either in writing prior to the meeting of creditors, or orally before the conclusion of the meeting of creditors, and the provisions of 4(b) will be part of the plan. The filing of a statement or orally making such statement at the meeting of creditors that you DO NOT ACCEPT the plan will not be deemed an objection to confirmation; it will be deemed an election to be treated as provided in Paragraph 4(b).

**IF YOU OBJECT TO CONFIRMATION,** you must either file a written objection to confirmation or orally object before the conclusion of the meeting of creditors as set by separate notice. This plan may be confirmed and the motions below granted WITHOUT FURTHER NOTICE unless timely objection to the motion(s) or confirmation is filed. If you hold a secured claim, this Plan is notice that your lien may be voided or modified as herein noted if you do not object.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

**1. PAYMENT AND LENGTH OF PLAN**

(a) Debtor shall pay $ _____ per _____ to the Chapter 13 trustee starting _____ for approximately _____ months. This date can be no later than 30 days after filing of the petition. This amount may be altered if a creditor rejects the plan. See Paragraph 4.

☐ A payroll deduction order will issue to the Debtor's employer:

_____
(Name & Address of Employer)

☐ Debtor will pay directly to the trustee.

(b) Joint Debtor shall pay $785.25 per biweekly to the Chapter 13 Trustee starting November 23, 2005 for approx. 60 months. This date can be no later than 30 days after filing of the petition. The amount may be altered if a creditor rejects the plan. See Paragraph 4 below.

x A payroll deduction order will issue to the Joint Debtor's employer:

Flying J
PO Box 150310
Ogden, UT 84415
(Name & Address of Employer)

☐ Joint Debtor will pay directly to the trustee.

(c) Other payments to the Trustee:

_____

(d) Total amount to be paid to Trustee shall not be less than $81,242.00 ("Base"). This amount may be altered if a creditor rejects the plan.

2. **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT) [See § 1322(a)(2)]**

The following priority claims, if allowed, will be paid in full unless creditor agrees otherwise:

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|---|
| Roehrig & Associates, P.C. | Attorneys Fees | $2100.00 | $100.00 |
| Betty M. Gregory, Sumner Co Trustee | Property Taxes | $520.59 | |
| Betty M. Gregory, Sumner Co Trustee | Property Taxes | $84.82 | |
| Betty M. Gregory, Sumner Co Trustee | Property Taxes | $103.60 | |

☐ The Trustee ☐ the Debtor shall pay Domestic Support Obligations that become due after filing of the petition as follows:

| DSO CREDITOR | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|
| | | |
| | | |

Page 2 of 7

Case 3:05-bk-15673   Doc 13   Filed 12/07/05   Entered 12/07/05 16:28:30   Desc Main
Document   Page 2 of 7
PDF created with pdfFactory trial version www.pdffactory.com

## 3. PRIORITY CLAIMS SUBJECT TO SUBORDINATION

Pursuant to § 1322(a)(4), the following priority creditors shall not be paid in full:

| CREDITOR | REASON FOR SUBORDINATION | SCHEDULED AMOUNT |
|---|---|---|
| | | |
| | | |

## 4. SECURED CLAIMS NOT SUBJECT TO § 506

The following debts were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle or (2) incurred within one year before the petition date and secured by a purchase money security interest in any other thing of value.

(a) The Plan DOES propose to limit the secured claims listed below to the following amounts (cramdown). THIS WILL BE THE TREATMENT OF THE CREDITORS LISTED BELOW UNLESS THE LISTED CREDITOR FILES A STATEMENT BEFORE THE MEETING OF CREDITORS THAT IT DOES NOT ACCEPT THE PLAN, OR ORALLY MAKES SUCH STATEMENT AT THE MEETING OF CREDITORS.

| CREDITOR | COLLATERAL | SCHEDULED AMT. | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

(b) If a creditor noted above DOES NOT ACCEPT the plan, the collateral listed above for that creditor will be surrendered and the payments to the Trustee will be reduced by the amount listed under "Per Mo." for that creditor in 4(a) above, and the "base" reduced accordingly.

(c) Debtor proposes to pay the claims not subject to § 506 as listed below in full.

| CREDITOR | COLLATERAL | SCHEDULED AMT. | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |
| | | | | |

Case 3:05-bk-15673 Doc 13 Filed 12/07/05 Entered 12/07/05 16:28:30 Desc Main Document Page 3 of 7
PDF created with pdfFactory trial version www.pdffactory.com

## 5. PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS

The Debtor proposes that the trustee make adequate protection payments, or payments to lessors prior to the confirmation of the plan, pursuant to § 1326(a)(1) as follows:

| CREDITOR | AMOUNT OF MONTHLY PAYMENT |
|---|---|
|  |  |
|  |  |
|  |  |

The Trustee shall commence making such payments to creditors holding allowed claims secured by a purchase money security interest in personal property or leases of personal property as soon as practicable after the filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on such payments. Upon confirmation the treatment of such claims will be governed by Paragraph 4 or 6 as appropriate.

## 6. SECURED CLAIMS AND MOTION TO VALUE COLLATERAL.

Debtor moves to value the collateral as indicated below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The excess of creditor's claim shall be treated as an unsecured claim. Any claim listed as "NO VALUE" in the value column below will be treated as an unsecured claim, and the lien avoided pursuant to § 506.

| CREDITOR | COLLATERAL | SCHEDULED AMOUNT | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Ocwen Federal Bank | 1.04 acres | $24,106.70 | $13,100.00 | 6.75% | $256.55 |
| USDC Auto | 2003 Chevy S-10 | $24,279.72 | $17,550.00 | 6.75% | $343.63 |
| Stewart Williams | BR, LR, Refrig, Stove, table and chairs | $1,900.00 | $2,000.00 | 6.75% | $37.30 |
|  |  |  |  |  |  |

## 7. SURRENDERED PROPERTY.

In addition to any property surrendered under 4(b), Debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under the plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

Case 3:05-bk-15673    Doc 13    Filed 12/07/05    Entered 12/07/05 16:28:30    Desc Main
Document    Page 4 of 7
PDF created with pdfFactory trial version www.pdffactory.com

| CREDITOR | COLLATERAL |
| --- | --- |
| | |
| | |

### 8. UNSECURED CLAIMS

Allowed non-priority unsecured claims shall be paid as follows:

☐ The Debtor shall pay sufficient funds to provide a pool to unsecured creditors of $ _____ ("Unsecured Pool"). Payments to unsecured priority and general creditors will be made from this pool. The unsecured creditors will receive all funds remaining in the Unsecured Pool after satisfaction of all allowed priority claims.

☒ Not less than 1 percent.

☐ Funds that the Trustee receives which exceed the total allowed priority unsecured claims, the total secured claims plus interest, long term claims, and the Unsecured Pool shall increase the Unsecured Pool until the Debtor has paid the total Base amount indicated in Paragraph 1(d).

**Separately Classified Unsecured Claims**

(1) Cosigned claims shall be treated as follows:

| CREDITOR | COSIGNER | REASON FOR CLASSIFICATION | TREATMENT | AMOUNT |
| --- | --- | --- | --- | --- |
| | | | | |
| | | | | |

(2) Other classified unsecured claims:

| CREDITOR | REASON FOR CLASSIFICATION | TREATMENT | AMOUNT |
| --- | --- | --- | --- |
| | | | |
| | | | |

### 9. CURING DEFAULT AND MAINTAINING PAYMENTS

(a) Trustee shall pay the allowed claims for arrearages, and Trustee shall pay the postpetition monthly payments to creditor.

PDF created with pdfFactory trial version www.pdffactory.com

| CREDITOR | COLLATERAL | ESTIMATED ARREARAGE | LAST MONTH IN ARREARS | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|---|
| HSBC Mortgage | Mtg on home and 2.27 acres | $2,500.00 | November, 2005 | 0% | $673.66 |
| | | | | Arrearage Payment | $60.45 |

(5) Trustee shall pay the allowed claims for arrearages, and Debtor shall pay the postpetition monthly payments to creditor.

| CREDITOR | COLLATERAL | EST. ARREARAGE | LAST MONTH IN ARREARS | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

## 10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and leases are rejected, except the following are assumed and treated under the plan as noted:

| CREDITOR | PROPERTY DESCRIPTION | TREATMENT UNDER PLAN |
|---|---|---|
| | | |

## 11. OTHER PLAN PROVISIONS AND MOTIONS

(a) **Motion to Avoid Lien under § 522(f).**
Debtor moves to avoid the following liens that impair exemptions:

| CREDITOR | | COLLATERAL |
|---|---|---|
| World Finance | | mtg |
| World Finance | | mtg |

(b) **Lien Retention and Motions to Avoid Liens**
Except as provided above in Paragraph 7 and 10(a), allowed secured claim holders retain liens until liens are released upon completion of all payments under the plan.

Page 6 of 7

Case 3:05-bk-15673 Doc 13 Filed 12/07/05 Entered 12/07/05 16:28:30 Desc Main Document Page 6 of 7
PDF created with pdfFactory trial version www.pdffactory.com

(c) **Debtors Certificate of Compliance with § 521 and Motion for Order Acknowledging Compliance**
Debtors Counsel (or debtor, if not represented by counsel) certifies that all information required under § 521(a)(1) has been filed and/or submitted to the trustee and moves the court for an order that such information satisfied the requirements of § 521, and that the case is not dismissed under § 521(i).

(d) ☐ Debtors move the Court to substantively consolidate the joint estates.

☐ Debtors move the Court to NOT substantively consolidate the joint estates.

(e) **Vesting of Property of the Estate**
Property of the estate shall revest in the Debtor:
Upon Confirmation    x    Upon discharge or dismissal ____    Other ____

(f) **Direct Payment by Debtor**
☐ Secured creditors and lessors to be paid directly by the Debtor shall continue to mail to Debtor the customary monthly notices or coupons notwithstanding the automatic stay.

(g) **Order of Distribution**
Trustee shall pay allowed claims in the following disbursement priority:
(1) Priority Administrative
(2) Secured
(3) Unsecured
(4) ____
(5) ____
(6) ____

(h) **Other, Special Provisions of the Plan Not Elsewhere Described:**
_____
_____

/s/ William Bryan Roehrig III
DEBTOR'S ATTORNEY SIGNATURE

Page 7 of 7

PDF created with pdfFactory trial version www.pdffactory.com